NO. 07-99-0323-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 16, 2002



______________________________



 

ROBERT MILLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 98-2406; HONORABLE GEORGE H. HANSARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Robert Miller, acting pro se, moves for an extension of time to file a motion
requesting permission to file an out-of-time appeal or an out-of-time motion for new trial. 
We overrule the motion. 

 On September 28, 2001, this court issued an opinion and entered judgment
affirming appellant's conviction for unlawful possession of a firearm by a felon. After
considering a motion for rehearing filed by appellant's counsel, we overruled the motion
for rehearing, withdrew our opinion of September 28th, and issued an opinion dated
December 4, 2001, affirming appellant's conviction. 

 On December 27, 2001, the clerk of this court received and filed a pleading in this
matter entitled "Motion for Extension of Time to File Appellant's Motion Requesting
permission to File Out of Time Appeal or Out of time Motion for a New Trial" ("the motion"). 
The motion is signed by appellant, acting pro se, and does not reflect the signature of his
counsel. See Tex. R. App. P. 9.1(a). (1) The motion references TRAP 49.8, which specifies
times and procedures for requesting extensions of time to file motions for rehearing of
appellate decisions. The motion contains a certificate of service dated December 19,
2001, and a filing letter dated December 19, 2001.

 There is no constitutional right in Texas to hybrid representation, that is, partially pro
se and partially by counsel. See Landers v. State, 550 S.W.2d 272, 280 (Tex.Crim.App.
1977). Nevertheless, even though the record does not reflect that his appellate counsel
has been discharged or relieved of his representation duties, we have considered
appellant's pro se motion. 

 The motion asserts, in substance, that (1) numerous errors were committed in the
conduct of appellant's trial, (2) his appellate counsel refused to present appellate issues
concerning those errors, and (3) the trial errors and ineffective assistance of both trial and
appellate counsel warrant some type of relief. 

 The motion presents matters previously urged by appellant in pro se letters and
other documents filed with the clerk during the pendency of his appeal. The motion, which
we construe as a motion for extension of time to file a further motion for rehearing, see
TRAP 49.8, is overruled. 


 Per Curiam 



Do not publish.


 

 
1. Further reference to the Texas Rules of Appellate Procedure will be by reference
to TRAP _____.



y="11" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Subtitle"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0275-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 



SEPTEMBER 15, 2010

 



 

GERALD BROWDER,  

 

                                                                                         Appellant


v.

 

JAMES LOWELL PENTON, JR., AS THE INDEPENDENT EXECUTOR OF THE
ESTATE OF JAMES LOWELL PENTON, DECEASED, 


 

                                                                                         Appellee

_____________________________

 

FROM
THE PROBATE COURT OF DENTON COUNTY;

 

NO.
PR-2008-00217-02; HONORABLE DON R. WINDLE, PRESIDING

______________________________

 

Order of Dismissal

______________________________

 

Before QUINN, C.J., and CAMPBELL
and HANCOCK, JJ.

Appellant
timely noticed his appeal and both records were timely filed.  On July 20, 2010, appellant and appellee filed an agreed motion to remand in order to
effectuate a settlement agreement.  On
July 30, 2010, this Court remanded the case to the trial court and advised the
parties that a copy of any orders executed effectuating the settlement must be
filed in a supplemental clerks record along with a joint motion of the parties
requesting the reinstatement and dismissal of the appeal on or before August 30,
2010.  They were also told that the failure
to file either would result in the dismissal of the appeal for want of
prosecution.  August 30th passed and
neither party has contacted the Court as directed.  Thus, pursuant to Rule 42.3(b) and (c) of the
Texas Rules of Appellate Procedure, this cause is dismissed for want of
prosecution and for failure to comply with a court order.  

It
is so ordered.

                                                                                                Per
Curiam